UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREAT LAKES TRANSPORTATION HOLDING, LLC
d/b/a/ METRO CARS,

    Plaintiff,

v.                                                                         Case No. 12-10497

YELLOW CAB SERVICE CORPORATION OF
FLORIDA, INC., CULLAN MEATHE, METRO         HON. AVERN COHN
CAB, LLC, METRO PRO LEASING, LLC, PALM
BEACH METRO TRANSPORTATION, LLC,
METRO TRANSIT, LLC, JACKSONVILLE
METRO TRANSPORTATION, LLC, and
PENINSULA TRANSPORTATION GROUP
ENTERPRISES, LLC,

    Defendants.
_____/

**ORDER REGARDING PROPOSED VERDICT FORM**

**I. INTRODUCTION**

This is a trademark infringement case. Plaintiff offers chauffeured car-for-hire services and uses the mark *METRO CARS* on transportation vehicles and other advertisement materials. Plaintiff owns the mark *METRO CARS* by way of a purchase of Metro Group Holding Company, Inc.'s ("Metro Group") assets at a UCC foreclosure sale on July 13, 2009. Plaintiff claims that defendants are infringing on the *METRO CARS* mark by using the marks "*METRO CARS*" and "*METRO CARS$_{FL}$*" in advertisement materials and on transportation vehicles in Florida. The basic issues to be tried to a jury are (1) whether defendants' use of the *METRO CARS* and *METRO CARS$_{FL}$* marks were pursuant to a valid

license agreement entered into between Metro Group and defendants, and, if so, whether that agreement was terminated by plaintiff after it purchased Metro Group's assets; (2) if defendants' use of the marks was not governed by a licence, whether defendants obtained a right to use the marks by other means; (3) if defendants did not have a right to use the marks, whether their use of the marks infringes on the *METRO CARS* mark; and (4) whether plaintiff's infringement action is barred by certain affirmative defenses.

Pursuant to the Third Amended Pretrial Order (Doc. 91), plaintiff lodged with the Court a proposed verdict form on the issue of liability. (Doc. 92-1). Defendants filed objections to plaintiffs proposed verdict form and submitted a draft verdict form. (Doc.93). Thereafter, plaintiff filed a response to defendants' objections and objections to defendants' draft verdict form. (Doc. 94). On May 7, 2013, the Court held a hearing to resolve the differences.[1]

## II. THE QUESTIONS

### A. Plaintiff's Ownership of The *METRO CARS* Mark

Defendants say that the verdict form should begin with questions relating to the plaintiff's ownership of the *METRO CARS* mark. Ownership of the mark is not a question for the jury. Defendants were not parties to the auction at which plaintiff was a party. Defendants do not have standing to contest the acquisition of the mark by plaintiff.

### B. Burden of Proof

Since the burden of proof differs as to several of the questions, each question should distinguish between preponderance of the evidence and clear and convincing

---

[1] Obviously the final verdict form must be reflective of the instructions to the jury on the law of the case.

evidence.

## C. Affirmative Defenses

Defendants assert certain affirmative defenses to plaintiff's claim of infringement as follows:

- Acquiescence
- Laches
- Estoppel
- Priority of Use
- Unclean Hands
- Abandonment
- Fraud in the Procurement of Assets

Whether or not one or more of these defenses may be asserted by the defendants and submitted to the jury depends on the law and/or the evidence at trial. It is not yet clear which defenses, if any, will be raised by the evidence at trial. "A court is not required to instruct the jury on a defense the theory of which is not even supported by the testimony. . . ." *United States v. Stapleton*, 297 F. App'x 413, 423 (6th Cir. 2008) (citation omitted); *see also United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 482 (6th Cir. 1999) (finding that the district court did not err in failing to instruct the jury on defendant's affirmative defense where, among other things, the defendant failed to prove that a jury instruction was appropriate based on the evidence proffered at trial); *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1326 (6th Cir. 1992) (requiring the trial judge, "in light of all the evidence presented at . . . trial," to determine "whether enough evidence . . . exists to issue jury instructions on affirmative defenses.").

## D. Remaining Objections

The parties cannot agree on whether certain words should be incorporated in particular questions. The parties should work together on a draft verdict form which

incorporates this order as well as the jury instructions. A copy of the instructions and verdict form should be lodged with the Court prior to the May 30, 2013 final pretrial conference. If the parties cannot reach agreement a composite of the verdict form and jury instructions reflecting the parties' differences shall be submitted.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 24, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160