UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES TRANSPORTATION HOLDING, LLC
d/b/a/ METRO CARS,

    Plaintiff,

v.                                                         Case No. 12-10497

YELLOW CAB SERVICE CORPORATION OF
FLORIDA, INC., CULLAN MEATHE, METRO         HON. AVERN COHN
CAB, LLC, METRO PRO LEASING, LLC, PALM
BEACH METRO TRANSPORTATION, LLC,
METRO TRANSIT, LLC, JACKSONVILLE
METRO TRANSPORTATION, LLC, and
PENINSULA TRANSPORTATION GROUP
ENTERPRISES, LLC,

    Defendants.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS (Doc. 147)

**I.**

This case involves a contract dispute. The case is a companion to *Meathe v. Ret*, 903 F. Supp. 2d 507 (E.D. Mich. 2012), *aff'd in part, vacated in part, remanded by* ___ F. App'x ___, 2013 WL 5815570 (6th Cir. 2013), *on remand to*, 2013 WL 6160034 (E.D. Mich. Nov. 25, 2013). The facts of the case are described in the Memorandum And Order Denying Plaintiff's Renewed Motion For Judgment As A Matter Of Law. (Doc. 163). Now before the Court is defendants' motion for attorney fees and costs (Doc. 147). Plaintiff filed a response (Doc. 164). Defendants have not filed a reply and the time period for filing a reply has passed. *See* E.D. Mich. LR 7.1(e)(2)(C). The motion is ready for decision. For the reasons that follow, the motion is DENIED.

**II.**

Defendants seek an award of attorneys' fees and costs on the grounds that in this case they prevailed in a jury trial of an "exceptional" trademark case. Under 15 U.S.C. § 1117(a), a district court may award attorneys' fees to the prevailing party in an exceptional trademark case. *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004). However, as the Court has said on multiple occasions, this is not a trademark case. *See, e.g.*, (Doc. 163 at 1, Mem. And Order Den. Pl's. Renewed Mot. For J. As A Matter of Law) ("During the trial, it became clear that this case is not a trademark infringement case; it is a contract dispute between former business partners and owners of Metro Cars, Inc. . . ."); (Doc. 156 at 116, Trial Tr.) ("This case went off the trolley as soon as it was filed when somebody got trademark law mixed up in it. It's taken us six trial days to get the case on the trolley. . . So all of these fancy concepts in trademark law, you know, whether there was imitation, et cetera, et cetera, have nothing to do with it"); (Doc. 157 at 3, Trial Tr.) ("We have been in trial for six days, and it became apparent during the course of the trial that this was not really a trademark case but a breach of contract case. . . .").

Nor is this case "exceptional." An "exceptional" case is one "where a plaintiff brings a suit that could fairly be described as oppressive." *Eagles, Ltd.*, 356 F.3d at 728 (citation and internal quotation marks omitted). Where "a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate." *Id.* (citing *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 625 (6th Cir. 1999) (internal quotation mark omitted)). Here, plaintiff's claims were colorable even though it ultimately lost at trial. In fact, plaintiff prevailed in part before trial when the Court determined that plaintiff owned the *METRO CARS* mark at issue.

(Doc. 65 at 9, Order Den. Defs'. Mot. For Summ. J. And Den. Pl's. Mot. For Summ. J.).  In addition, defendants stipulated to cease using the *METRO CARS* mark or any other mark using the word "metro" in combination with "car(s)."  (Doc. 122, Stipulated Order On Defs.' Use Of Mark And Domain Names).

This case is only exceptional in the amount of time spent by the lawyers since the date this case was filed in the Southern District of Florida.  Prior to the transfer of the case to this Court, there were 351 docket entries.  *See* (Doc. 3-1, Fla. Doc. Entries).  Notwithstanding that the case was ready for trial, defendants moved to transfer venue to the Eastern District of Michigan (Fla. Doc. 349).  The case generated 118 docket entries in this Court prior to the start of trial.  The issues as they evolved required a straightforward application of contract law.  There is no good reason to engage in fee shifting.

SO ORDERED.

   s/Avern Cohn                  
UNITED STATES DISTRICT JUDGE

Dated:  December 4, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 4, 2013, by electronic and/or ordinary mail.

 S/Carol Bethel for Sakne Chami        
Case Manager, (313) 234-5160